20-2994
*United States v. Smith Pitterson*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*

      v.                             No. 20-2994

CARLOS SMITH PITTERSON,

    *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | JAMESA J. DRAKE, Drake Law LLC, Auburn, ME. |
| FOR APPELLEE: | DANIELLE R. SASSOON, Assistant United States Attorney (Daniel G. Nessim, Nicholas W. Chiuchiolo, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the |

Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 25, 2020, is **AFFIRMED**.

Defendant-Appellant Carlos Smith Pitterson appeals from a judgment of conviction entered following a jury trial at which he was found guilty of distribution and possession with intent to distribute fentanyl and heroin, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), and conspiracy to distribute and possess with intent to distribute fentanyl, *see id.* § 846. During trial, although his counsel disclaimed reliance on a duress defense, Smith Pitterson testified that he engaged in the drug transactions after being threatened by a man named Pepe. The district court subsequently instructed the jurors that duress was not at issue, but that they were permitted to consider the threat evidence insofar as it was relevant to Smith Pitterson's defense of entrapment and to the overall picture of how he claimed the situation that led to his prosecution developed. Smith Pitterson contends on appeal that the district court's jury instructions suggested that the threat evidence was irrelevant to whether he acted with the requisite *mens rea* and thus erroneously reduced the prosecution's burden of proof and hindered his ability to present a defense. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Where a defendant timely objects to a district court's jury charge, we review the instruction *de novo* "and will vacate a conviction for an erroneous charge unless the error was harmless."[1] *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013). If the defendant fails to timely object, we review the jury instruction for plain error and have "discretion to reverse

_____

[1] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

only if the instruction contains (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013). Here, Smith Pitterson preserved some of his challenges, but not others. Even reviewing each of these issues *de novo*, however, we conclude that his arguments fail to persuade.

Smith Pitterson challenges the instructions the district court gave to the jury during his testimony as well as the instructions the district court gave before the jury retired to deliberate. After Smith Pitterson began to testify regarding the threats he had received, the court, upon objection by the government, instructed the jury that he had no basis to claim a duress defense, but that his testimony as to the threats may be relevant "to give [the jury] the overall picture of how the defense claims this whole situation developed" and to whether Smith Pitterson lacked the predisposition to commit the offenses, as would be necessary with respect to his entrapment defense. App'x at 39–40. Later in Smith Pitterson's testimony, when he stated that he did what Pepe asked because he thought he would have been harmed otherwise, the court reminded the jury that "there is no claim in this case that the defendant's alleged misconduct is excused by duress." *Id.* at 45.

The district court's final jury instructions again reminded the jurors that even if they believed Smith Pitterson's testimony that he was threatened by Pepe, such testimony "does not itself constitute a defense to any of the charges in this case" because "the defense[] of 'duress' is only available in more extreme and immediate circumstances than were present here." *Id.* at 86. The court explained that the jury may, however, consider the testimony "for whatever bearing it may have, if any, on the issue of entrapment." *Id.* at 87.

We detect no error in the district court's jury instructions. On review of the mid-trial jury instructions, we conclude that they neither "failed to inform the jury adequately of the law" nor "misled the jury about the correct legal rule." *United States v. Quinones*, 511 F.3d 289, 314 (2d Cir. 2007). The district court accurately explained that Smith Pitterson was not pursuing a defense of duress but that his testimony regarding threats he received may be relevant to his entrapment defense and to the jury's "evaluation of the elements that the government has to prove." App'x at 39–40, 45. Even if we were to accept Smith Pitterson's

3

position that the threat evidence was relevant to his *mens rea*, nothing in these instructions precluded the jury from considering the evidence on that theory.

Next, at the end of trial, the district court explicitly instructed the jury that the threat evidence did not constitute a defense and suggested that the evidence was relevant to the entrapment defense only. Here too, we conclude that Smith Pitterson's argument is without merit. By the end of trial, Smith Pitterson had presented no legally cognizable defense theory other than entrapment to which the threat evidence was relevant. Although the district court had previously acknowledged that Smith Pitterson's testimony that he was only following orders and doing so under a threat could plausibly be relevant to whether he was aware that the pills he was selling were illegal controlled substances, Smith Pitterson undermined any such lack-of-knowledge theory when he testified that he learned he was selling narcotics after the first transaction, and then stored the fentanyl and heroin in his room and conducted further transactions.

Smith Pitterson nevertheless maintains that the threat evidence was relevant also to whether he acted with the requisite *mens rea* because it could lead the jury to conclude that he did not engage in the offense conduct willfully or intentionally, as the government was required to prove to sustain a conviction. But this argument is premised on an erroneous conflation of intent and motive. As the Supreme Court has noted, the "intent to undertake some act is perfectly consistent with the motive of avoiding adverse consequences which would otherwise occur." *Rosemond v. United States*, 572 U.S. 65, 81 n.10 (2014) (dictum). Smith Pitterson offers no basis for rejecting the Supreme Court's articulation of this principle. Thus, even a threat that supports a claim of duress "does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully." *Dixon v. United States*, 548 U.S. 1, 7 (2006). Smith Pitterson's conscious participation in the narcotics transactions at issue, with full knowledge that such conduct was illegal, would not be any less intentional or willful for purposes of criminal law if his conduct was motivated by threats as opposed to a desire for profit. *Cf. United States v. Demott*, 906 F.3d 231, 241 (2d Cir. 2018) (observing that the *mens rea* requirement for federal narcotics crimes is satisfied if the defendant had knowledge of the "prohibited verbs (*e.g.*, distributed,

4

import, etc.) and [of] the object of the verbs ('a controlled substance')"). We therefore conclude that the district court's instructions did not prevent the jury from considering any legally permissible defense theory.

We have considered Smith Pitterson's remaining arguments and find in them no basis for reversal. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court